UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALBERT G. CARSON, IV** | **CIVIL ACTION** |
| **VERSUS** | |
| **ALLSTATE INDEMNITY COMPANY** | **NO. 09-60-C-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

Signed in chambers in Baton Rouge, Louisiana, March 2, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ALBERT G. CARSON, IV**                                      **CIVIL ACTION**

**VERSUS**

**ALLSTATE INDEMNITY COMPANY**                         **NO. 09-60-C-M2**

**MAGISTRATE'S REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion to Remand (R. Doc. 3) filed by plaintiff, Albert G. Carson, IV ("Carson"). Defendant, Allstate Indemnity Company ("Allstate"), has filed an opposition (R. Doc. 4) to Carson's motion.

**FACTS & PROCEDURAL BACKGROUND**

Carson filed this suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on November 6, 2008. In the petition, he alleges that, in March 2007, he hired Timoteo J. Lopez ("Lopez"), who was operating under the name of Affordable Roofs, LLC, to repair a roof leak on property that was insured by defendant, Allstate. Carson contends that Lopez failed to properly repair the roof and left the insured property in a condition that was exposed to outside elements. Although Carson contacted Lopez in an effort at getting him to complete the repairs on the insured property, Lopez abandoned the job and never completed the repairs. Carson contends that, as a result of Lopez's actions, the insured property was rendered uninhabitable and a total loss, and the contents of the property were damaged and/or destroyed. Carson further alleges that he was required to move out of the property and that he incurred expenses in doing so. He contends that he paid $6,000.00 to Lopez for the purpose of purchasing roofing materials; however, Lopez stole and converted the materials for his own use, rather than using them

1

for repairs to the insured property.

Carson brought this suit against Allstate pursuant to the homeowner's insurance policy which purportedly covers the property in question. He contends that he timely filed a claim of vandalism/destruction of property under the policy, but Allstate has failed to provide coverage for that claim. Carson alleges that Allstate's failure to pay on his claim is arbitrary, capricious and without probable cause in violation of La. R.S. 22:658 and La. R.S. 22:1220(B)(5). He specifically contends in his petition that his damages herein exceed $50,000.00, and he requests a trial by jury.

Allstate was served with Carson's petition on December 10, 2008. Allstate subsequently removed Carson's suit to this Court on February 2, 2009 on the basis that the suit meets the requirements of diversity jurisdiction under 28 U.S.C. §1332. Carson has now filed the present motion, seeking remand of this action to state court on the ground that Allstate's Notice of Removal was untimely and defective under 28 U.S.C. §1446(b). In addition to seeking remand, Carson also moves for an award of the reasonable attorney's fees and costs that he incurred in bringing this motion pursuant to 28 U.S.C. §1447(c).

## **LAW & ANALYSIS**

The time for filing a notice of removal is governed by 28 U.S.C. §1446(b), which provides the following:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the

> defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by Section 1332 of this title more than 1 year after commencement of the action.

*See,* 28 U.S.C. §1446(b).  Carson contends in his present motion that Allstate's Notice of Removal is untimely under the first paragraph of §1446(b) because the notice was not filed within thirty (30) days of Allstate being served with Carson's petition on December 10, 2008.  The Court, however, agrees with the position taken by Allstate that the first paragraph of §1446(b) is not applicable herein because it was not apparent from Carson's petition alone that this case was removable.  Carson did not (and could not, under Louisiana law) allege a specific monetary amount of damages in the petition and merely alleged that his damages exceed $50,000.00.  Thus, based solely upon the ambiguous description of Carson's damages in the petition, Allstate did not have a reasonable basis for removing the action to this Court within thirty (30) days of being served with the petition.

The timeliness of Allstate's Notice of Removal, however, is demonstrated by evidence that Allstate submitted with its Notice of Removal and with its present opposition.  Specifically, Allstate has submitted a copy of a January 28, 2009 interrogatory response by Carson, wherein he indicated that the amount of his claim related to his dwelling is for "home replacement cost, which will equal at least the policy limit for dwelling protection under the policy."  *See*, Carson's Answer to Interrogatory No. 1, attached to Allstate's opposition as Exhibit A.  Allstate has further submitted the affidavit of its counsel verifying

3

that the policy limits for plaintiff's dwelling are $341,520.00. *See*, Affidavit of David C. Forrester, Exhibit B to Allstate's opposition and Exhibit 2 to Allstate's Notice of Removal. Based upon such evidence, it appears that more than $75,000.00, exclusive of interest and costs,[1] is in controversy in this matter, thereby making this case removable on the basis of diversity jurisdiction.[2] Because Allstate did not become aware that the amount of damages Carson is seeking in this matter is at least equal to $341,520.00 until it received Carson's interrogatory response on or about January 28, 2009,[3] its Notice of Removal filed several days later on February 2, 2009 was timely-filed under the second paragraph of §1446(b).[4]

---

[1] In addition to the $341,520.00 in dwelling policy limits, Carson is also seeking an unspecified amount for damages to his personal property inside the home, statutory penalties that include 50% of the damages, and attorney's fees.

[2] Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states. It is undisputed that Carson and Allstate are diverse as to citizenship, as Carson is alleged to be a citizen of the State of Louisiana, and Allstate is a foreign insurer domiciled in the State of Illinois. Thus, the only issue is whether the amount in controversy element of diversity jurisdiction is satisfied, and based upon the summary judgment-type evidence submitted by Allstate, it appears that such element is also met in this case.

[3] The Fifth Circuit Court of Appeals has held that a discovery response, such as Carson's interrogatory response in this matter, may constitute an "other paper" sufficient to trigger removability pursuant to §1446(b). *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992)(An interrogatory response which reveals the removability of an action can constitute "other paper" pursuant to §1446(b)); *See also, Leboeuf v. Texaco*, 9 F.Supp.2d 661 (E.D.La. 1998); *Freeman v. Witco Corp.*, 984 F.Supp. 443 (E.D.La. 1997); *Booty v. Shoney's*, 872 F.Supp. 1524 (E.D.La. 1995); *Vincent v. Silver Cinema's, Inc.*, 1998 WL 274242 (E.D.La. 1998); *Gullage v. Kmart Corp.*, 1996 WL 255919 (E.D.La. 1996).

[4] Where a removing defendant is faced with a complaint that describes damages inadequately to support removal (*i.e.*, it is ambiguous from the petition whether or not the damages will exceed $75,000.00, exclusive of interest and costs, as in the present case), that defendant has an affirmative burden to produce information, through factual allegations or an affidavit, sufficient to show "by a preponderance of the evidence that

As such, Carson's present motion to remand (and related request for attorney's fees and costs) should be denied.

### RECOMMENDATION

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 3) filed by plaintiff, Albert G. Carson, IV, should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, March 2, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

the amount in controversy exceeds $75,000.00." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). In other words, if a defendant removes a case based solely upon an ambiguous petition without any factual allegations or evidence to support its position that diversity jurisdiction exists, the case will be remanded. Thus, if Allstate had removed Carson's suit to this Court based solely upon his ambiguous petition within thirty (30) days of being served with that petition, this case would have been remanded, and Allstate likely would have been cast with paying Carson's attorney's fees and costs incurred in defending against the improvident removal. By contrast, Allstate waited until it was able to obtain factual allegations and evidence that substantiated its argument that the federal jurisdictional minimum is in controversy in this case. Once it obtained that information through Carson's interrogatory response, Allstate timely removed the suit to this Court in accordance with the second paragraph of §1446(b).