ALBERT G. CARSON, IV

VERSUS

ALLSTATE INDEMNITY INSURANCE

CIVIL ACTION

09-60-JJB

**RULING ON PLAINTIFF'S MOTION TO RECONSIDER**

The matter is presently before the Court on Plaintiff Albert Carson's Motion to Reconsider and/or Alter or Amend (doc. 38) the Court's earlier grant of partial summary judgment to Defendant on the issue of vandalism (doc. 36).[1] Defendant Allstate filed an opposition (doc. 41) and Plaintiff replied (doc. 48). There is no need for oral argument. For the following reasons, the Motion is DENIED.

The Court notes at the outset that this motion is not governed by Rule 59 of the Federal Rules of Civil Procedure. As a ruling on a partial motion for summary judgment is not a final judgment, Rule 59 does not apply. Rather, it is under Rule 54(b) that courts may reconsider interlocutory orders or decisions such as this. Courts thus retain jurisdiction over all the claims in a suit and may alter its earlier decisions until final judgment has been issued. *See Livingston Downs v. Jefferson Downs*, 259 F.Supp.2d 471, 475 (M.D. La. 2002) (citing *Zapata Gulf Marine, Inc.*, 925 F.2d 812, 815 (5th Cir. 1991). District courts have

---

[1] In the ruling, the Court denied summary judgment on the issues of whether the failure to preserve property, theft, and faulty construction exclusions applied. (Doc. 36).

considerable discretion in deciding whether to reconsider an interlocutory order. *Id.* Motions for reconsideration based upon the same arguments merely waste the limited time and resources of the Court. *van Heerden v. Bd. of Sup'rs of La. State Univ. and Agricultural and Mechanical College*, No. 10-155, 2010 WL 2545746, at *1 (M.D. La. June 21, 2010). Similarly, courts generally decline to reconsider when the movant is simply rehashing old arguments or raising an argument for the first time without justification." *McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. September 13, 2011).

Plaintiff urges the Court to reconsider its grant of partial summary judgment on the issue of vandalism by Timoteo Lopez, the contractor whose actions seem to have set off the chain of events that led to this lawsuit.[2] Plaintiff claims the Court made manifest errors of law and fact and that new evidence creates a genuine dispute as to the material fact of whether Lopez had the requisite intent to establish vandalism or malicious mischief, which would be covered under Plaintiff's homeowner's policy.

The Court finds Plaintiff's arguments to be a mere rehash of the old: he cites the same cases and treatise and asks for a different conclusion. The new evidence he puts forward does nothing to change the fact that there is no evidence that, at the time Lopez began the work on Plaintiff's roof, he was

---

[2] A complete recitation of the facts is found in the Court's Ruling on Motion for Summary Judgment (doc. 36).

2

"motivated by malice toward property or its owner." 11 Couch on Ins. 155:92.

Therefore, the Motion to Reconsider (doc. 38) is DENIED.

## **CONCLUSION**

Accordingly, the Court hereby **DENIES** Plaintiff's Motion to Reconsider (doc. 38). Signed in Baton Rouge, Louisiana, on November 29, 2011.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**