UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALBERT G. CARSON, IV

VERSUS

ALLSTATE INDEMNITY INSURANCE

CIVIL ACTION

09-60-JJB

**RULING ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the court is defendant Allstate Indemnity Insurance's ("Allstate") motion for partial summary judgment. (Doc. 50). Previously, the Court granted in part and denied in part Allstate's motion for summary judgment on the issue of coverage (doc. 25). The present motion is on the issue of bad faith statutory damages. Plaintiff Carson ("Carson") filed an opposition (doc. 52) and Allstate replied (doc. 55). For the following reasons, the motion is GRANTED.

The factual background is more fully set forth in the Court's prior ruling (doc. 36). In early 2007, Carson hired a roofing contractor to repair a leak in his roof. The contractor he hired, Lopez, was significantly cheaper than his competitors. The end result of this repair was a large hole in his roof that was never properly covered and eventually led to the complete ruination of the house. Carson filed a claim in April, 2008, approximately one year after work had ceased on the house. Allstate denied coverage and Carson filed this suit. In its prior ruling, the Court granted summary judgment in part—thereby dismissing claims based on vandalism and malicious mischief—and allowed the remaining claims to move forward. (Doc. 36). Those claims involved the applicability of policy

exclusions relating to (1) faulty planning, construction or maintenance; (2) theft; and (3) failure to preserve property. In this motion, Allstate seeks summary judgment on the issue of bad faith damages, arguing the Louisiana statutory provisions for bad faith damages do not apply in this situation.

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, and affidavits on file indicate that there is no genuine dispute as to material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Although this Court considers the evidence in the light most favorable to the non-movant, the non-movant may not merely rest on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-movant's burden. *Grimes v. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If once the non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex*, 477 U.S. at 322.

Louisiana Revised Statutes Title 18, section 1892 requires insurers to pay the amount of a claim due to an insured within thirty (30) days of satisfactory proof of loss. Failure to do so, when it is found to be arbitrary, capricious, or without probable cause, can lead to a penalty of up to fifty percent (50%) of the amount of the loss, on top of the amount of the loss itself, as well as "reasonable

attorney's fees and costs." La. R.S. 22:1892(B). Further, Title 22, Section 1973(A) states that an insurer owes a duty of good faith and fair dealing to its insured to adjust and/or settle claims promptly and fairly. Breach of this duty can lead to damages sustained because of it. *Id.* A violation of Title 18:1892 constitutes breach of Title 22:1973. *Id.*

The Louisiana Supreme Court has held that the arbitrary, capricious, or without probable cause standard is synonymous with "vexatious" and that a vexatious refusal to pay "means unjustified, without reasonable or probable cause or excuse." *Louisiana Bag Co., Inc. v. Audubon Indem. Co.*, 999 So.2d 1104, 1114 (La. 2008) (internal citations omitted). "Both phrases describe an insurer whose willful refusal of a claim in not based on a good-faith defense." *Id.* (citation omitted).

While there can be no penalties for bad faith if it is determined at trial Allstate has no coverage obligation, the converse is not true. For that reason, the issue of bad faith penalties can be decided on summary judgment. Further, while Carson has put forth cases where courts have declined to address the issue on summary judgment, he points to none—nor can the Court find any—that say the issue cannot be decided on summary judgment.[1]

---

[1] A recent case from the Louisiana Fourth Circuit affirmed a trial court's grant of summary judgment on this issue. See *Jouve v. State Farm Fire and Cas. Co.*, 74 So.3d 220 (La. App. 4 Cir. 2011).

The Court finds no genuine factual dispute exists and that Allstate is entitled to judgment on this issue as a matter of law. Carson has not pointed to evidence of bad faith in the record that leads to a genuine dispute.

First, regarding the faulty construction exclusion, the Court has previously held that the exclusion was ambiguous because it did not include the word "incomplete" in its excluded acts. (Doc. 36). Allstate contends that while this is true, the language in its policy exclusion "faulty, inadequate, or defective" encompasses incompleteness of any repairs or construction. (Doc. 50-2 at 6-8). And while this ambiguity will be resolved at trial, the Court finds there is no genuine dispute about the reasonableness of Allstate's interpretation and that no reasonable juror could find denial under this exclusion was done in bad faith. The case Carson points to is inapposite. In *Hartenstein v. State Farm*, the question was whether Hurricane Katrina or a poor framing job during the initial construction was the culprit of the damage. 2008 WL 2397713 (E.D. La 2008). The Court found the contradictory expert depositions presented a genuine dispute and that the bad faith issue was inappropriate in that instant for summary judgment. What Carson's expert declares is more a legal opinion. (Doc. 52-1). He agrees the same acts (Lopez's botched job) caused the damage, he simply offers a differing opinion as to how those acts should be classified. Id. at 7). This is far different from *Hartenstein* and the Court finds it is not enough to create a genuine dispute.

Second, while the Court denied summary judgment on the failure the preserve exclusion, there is no genuine dispute that it was not arbitrary, capricious, or without probable cause for Allstate to deny coverage based on it. After beginning his work, Lopez abandoned the project. Approximately one year later, Carson filed a claim. An adjuster went to investigate and found the hole had been covered very poorly. Carson admitted he had done nothing to tarp the roof other than to call Lopez to do it. While the Court found there was a genuine dispute as to whether this was reasonable or not, there is no genuine dispute that Allstate was not justified or acting without reasonable cause in denying coverage. At most, Carson did the bare minimum to preserve his property. The trial will be about whether he did enough. As there is no evidence that Allstate acted arbitrarily, capriciously, or without probable cause, this bad faith claim also falls.

Third, Allstate seeks summary judgment on penalties and fees regarding to the theft exclusion.[2] Allstate does not discuss it in its brief; Carson points to what he calls a genuine dispute that Allstate's agent stated removal of the roof framing may have been a theft (doc. 52 at 13); Allstate counters in its reply that Carson has not shown proof of loss as required under the policy (doc. 55 at 7-8). In the previous motion for summary judgment, the Court held that the question of whether Carson promptly reported the alleged theft to authorities was a question for trial. (Doc. 36 at 7). Carson first reported the alleged theft of materials to

---

[2] Allstate does not address the theft exclusion in its brief, but it's motion clearly seeks summary judgment

police in March, 2008, some six months after his last contact with Lopez, the suspected thief. (Doc. 30-2 at 47-48). While the Court has found that whether six months qualifies as prompt, there is no genuine dispute that Allstate was not acting arbitrarily, capriciously, or without probable cause when denying the claim based on the exclusion. While it might end up being wrong, there is no evidence to indicate that it was unreasonable for Allstate to say it was not prompt.

Carson raises the question of the initial roof leak, which in his opposition he claims Allstate's expert "testified the original leak caused damage to the house that would have been covered." (Doc. 52 at 16). Because Allstate did not make a *McDill* tender on this original leak, Carson argues it is subject to penalties and attorney's fees, assumedly for the entire action. Carson does not provide a citation to where this testimony can be found. Regardless, the argument is without merit. The evaluation of damage occurs when the claim is made. A hypothetical assumption about what would have been covered and how much it would have been worth is not what the bad faith statutes envision.

The only reason to deny summary judgment under the facts of this case would be a rule that bad faith determinations under Louisiana Revised Statutes 22:1892 and 22:1793 cannot be made on summary judgment. As there is no such rule, and where the facts and evidence strongly militate in favor of the insurer, the Court finds there is no genuine dispute as to the material fact of bad faith and that Allstate is entitled to judgment as a matter of law.

## **CONCLUSION**

Accordingly, Allstate's motion for partial summary judgment on the issue of bad faith (doc. 50) is GRANTED.

Signed in Baton Rouge, Louisiana, on February 28, 2012.

        **JUDGE JAMES J. BRADY**
        **UNITED STATES DISTRICT COURT**
        **MIDDLE DISTRICT OF LOUISIANA**